Good morning, your honor. May it please the court, Anthony Dick on behalf of the plaintiff, Marion Sherrod. I've reserved six minutes for rebuttal. I'd like to begin by addressing the claims against John Morgan and then after that discuss the claims against Margaret Johnson and Larry Bass. With respect to John Morgan, this court has already determined that his pro se complaint stated a valid constitutional claim for deliberate indifference where he had a known seizure disorder that defendant John Morgan was expressly told about and knew about the danger that if he was to be housed in an upstairs prison cell, he would be placed at risk of having a seizure and being seriously injured, which is exactly what happened after he was placed in an upstairs cell. And we determined that by the fact that he had noted an appeal of the final judgment. And the final judgment had been against, who were we just talking about? John Morgan. Correct. And Morgan is not mentioned in his appellate briefs, but this court says there is a cause of action. Correct. And therefore reverses. That's correct, Your Honor. In that initial opinion that this court issued, it said, expressly mentioned John Morgan and Patricia McIntyre. But not, did they mention their bad activities, their assertedly bad activities? Yes, it mentioned that the complaint in the exhibit's attached there too. All right. So then it gets back, there's the order from this court. That's correct, Your Honor. Then John Morgan filed a motion for clarification, filed as a motion for clarification, which asked this court to reverse course and in fact to deny my client, Mr. Sherrod, the ability to proceed on his claim that this court had already held was validly stated against Mr. Sherrod. And asking for clarification that because he was not a party to the appeal and he was not part of the order or the judgment that this court vacated, that claim should not be allowed to proceed. And is it at that point that Mr. Sherrod filed the affidavit, I guess it was, saying that he did not intend to appeal against Morgan? That's correct, Your Honor. At that point, my client, Mr. Sherrod, filed what he styled a declaration. Declaration. Declaration in response to the clarification motion. Well, why isn't that very compelling evidence that he did not intend to take an appeal against Mr. Morgan? Well, Your Honor, it was, I think you have to separate out two things. One is with respect to whether he filed a notice of appeal that effectively created jurisdiction over the appeal, which is a note. In answering that question, we sort of take a functional approach and try to figure out, look, did he intend to appeal this dismissal of Morgan? And given that he has said, I did not intend to appeal the dismissal of Morgan, how do we get past that? That's correct. So with respect to the jurisdictional issue, the question is whether he filed a proper notice of appeal that created jurisdiction over all the parties in the case. And so the first question is, did the notice of appeal identify the final judgment in the case? If it did, then it creates jurisdiction with respect to each of the orders that have led up to that. Assuming there's jurisdiction, I think the question is, has he not abandoned that, not only with the declaration after the motion to clarify, but actually in his informal brief when he says he didn't intend to appeal against Morgan too. Well, in his informal brief, he did not expressly waive that claim. He, in the informal brief, to be sure, did not affirmatively mention John Morgan in connection with this claim. But this court decided to overlook that in its initial order with respect to both Morgan and McIntyre. It chose to, because I assume because my client was a pro se litigant and had no counsel to represent him, this court literally construed his informal brief and looked to the complaint and said, we're going to look past the fact that he did not raise any issue with respect to Morgan and McIntyre. Let's just assume you're right on that. I think we're all trying to get to this declaration. Right. So with respect to the declaration, ordinarily I would agree with you that if a client has said he does not intend to appeal with respect to a particular appellee, then that would be a problem for him that he could not overcome. I think what's different about this case, and I can walk you through exactly what he said in that declaration, is that it was based on a legal error that this court itself had invited. So it was not, in fact, a knowing and voluntary waiver in the ordinary sense. If you recall, the client was uncounseled. He was a pro se litigant. And what he said in his opposition is, well, to begin, he started out by saying, I'm simply not an attorney. So he was reiterating that he had not had appointed counsel. He didn't understand the legal issues, which I submit are fairly complicated and even proved difficult for this court to work through. So he began with that. And then he stated, based on a legal error, he said, I did not appeal Defendant Morgan's motion to dismiss. Again, that was a legal error because he didn't understand, in fact, when he had filed his notice of appeal of the final judgment, that was effective to appeal all of the interlocutory orders that led up to it. But to go back to my colleague's question, it could at least mean I did not intend to appeal Defendant Morgan's motion to dismiss for two reasons. So in other words, we're taking his language out of legalese and into what he might have intended. And then he tells us these reasons. That's correct, Your Honor. So I think this document. This is in its own handwriting. That's right. This document needs to be liberally construed. Why wasn't this document in the joint appendix? It was not raised until my opponent's opposing brief. This was not part of the record in the district court. This was in this court's previous order. So this was raised after the joint appendix had been put together as a waiver argument on the other side. So it was not part of my affirmative argument. It was raised on the other side, and they did not designate it for inclusion in the joint appendix. Okay. Well, discuss with them why they didn't put it in the joint appendix. Well, Your Honor, I think this document needs to be liberally construed. And I think the best way to read this is that my client was saying he was trying to explain why he thought he had not successfully appealed. And he thought he did not have the right to pursue an appeal against John Morgan. And I think that was just a fundamental legal mistake based on the view that because he had filed his notice of appeal after the final judgment, he did not have a right to challenge the earlier interlocutory orders that had been issued against his claims on Morgan and Vance. And that was just a legal mistake. So in that regard, his waiver here was not knowing and involuntary in the sense that he didn't understand the legal options available to him. He did not understand that he could, in fact, press the claim against John Morgan that this court would have jurisdiction to reach that claim. So this was a very – But that would fly except if you read the rest of his explanation, which doesn't – which really suggests that he doesn't think he has a claim against him. And, again, when you look at his reasons for that, that's also based on a legal misunderstanding of the claims. He says, I don't think I can prove intentional misconduct on the part of Morgan. But, of course, intentional misconduct is not part of the standard required approval to deliver an indifference claim. So he's, again, a misunderstanding. It's pretty close. I mean, it's pretty close. An educated layperson might describe it that way, right? You have to intentionally perceive the risk that there will be a serious harm to the person and make an intentional decision. I'm not going to do anything about it. I think a reckless disregard is, in fact, quite different from intent because all you need to show is that you knew of the risk and you disregarded the risk. Intentionally disregarded it. Not only. I think there is a significant difference between – I mean, I agree. Lawyers might frame it differently. But if you ask a layperson, why do you have to prove on an Eighth Amendment claim, you get something like intentional bad behavior. That's a fair point, Your Honor. But I think because he's a pro se litigant, this document needs to be construed in his favor and not construed against him. So I think if you look at it, you can understand it as saying, I didn't understand that I had this option to appeal, and I'm trying to rationalize this decision. It looks like I no longer have the right. So, again, that happens with pro se litigants, and pro se litigants sometimes – Well, what about this sentence? But I do not wish to attempt to hold Defendant Morgan responsible for correctional staff or making them follow rules, especially when not under the doctor's care, whatever that means. That's right, Your Honor. Again, that's just a misunderstanding of what the Deliberative Indifference Claim would be doing. He wouldn't be holding Don Morgan in some way responsible for the conduct of others. His claim would be holding John Morgan responsible for his own failure to institute or renew a medical restriction that would have kept him safe. Having read the complaint and the informal brief and then the declaration, you do get a sense that what the plaintiff was primarily upset about was these sort of false disciplinary reports, the thing about the lunging out of the wheelchair, and not so much about anything involving Morgan. I agree with you that if you read his documents, he does not do the best job of raising this claim. I do think that this Court found all the way up through the informal brief, at least, that he had done enough to raise the Deliberative Indifference Claim against Morgan and McIntyre because this Court, in fact, reinstituted the claims at first. And so I think the only way to distinguish him from McIntyre is by looking at this declaration that he filed, where he waived this. And so I just want to make two points about that. The first was that it wasn't knowing an intelligent waiver because he didn't understand his legal rights. He didn't actually perceive that he had the option to pursue this claim. And the second— So we do hold that sometimes, but what's the best—I've never seen it, maybe I just don't remember it, held on quite these kinds of evidence, if you would, that there's not been a knowing and rational waiver. Yes, Your Honor. I mean, people come back and say they were on drugs or they've been ill-advised by their lawyers, but— That's precisely right, Your Honor. So I think this is a very unusual case, and I think in order to cabin it, you really do need to keep this a very narrow exception. So it's often the case that a pro se litigant will have a waiver that is based on a mistake of law. So I don't think that by itself would be enough. I think what really pushes this case over the edge and would allow this case to be narrowly cabined is that the error that my client made was in part invited by a mistake, respectfully, on the part of this Court. When the appeal was docketed, the caption in the docketing statement that was sent to my client listed the affilies and did not include John Morgan and Larry Bass in that list of affilies. I agree, that was a mistake. That was a mistake. And so that is something that my client saw before his informal brief was filed, before his clarification motion was filed, and then the opposing side exploited that error by filing their clarification motion and saying, look, they're not even listed as affilies in the docket. And so then my client, who is an uneducated layperson, not even an educated layperson, looked at that and said, well, gosh, it looks like I failed to appeal Morgan and Bass because they're not even listed as affilies in the caption. So I better try to rationalize why I didn't appeal my claims with respect to them. But the problem with that is in this declaration, he distinguishes between Morgan and Bass. Well, that's right. He understands that what he intended still has some meaning to someone, to him, but he doesn't try to resuscitate the argument against Morgan. That's right. And, again, I submit that's because he did not understand the situation of what was going on. Well, he understood it enough to think that he could make an argument that he still wanted to make the argument against Bass, right? He did understand that he thought he had a claim against Bass. He doesn't think he has a claim against Morgan. Well, he didn't think he had a claim against Morgan, so there's two levels of mistake with respect to Morgan. There's both a procedural mistake and a substantive mistake. He doesn't understand that he has an actual deliberate indifference claim, even though this Court had already stated that. So I don't know. I thought you said, yes, we have to write narrowly here, and the reason we do is because we distinguish this because this Court made a mistake. And I'm prepared to say we did make a mistake. Okay. But in this, and so you said he's relying on that mistake, and so he should be excused. Fair enough, except that he thinks, notwithstanding our mistake, he can resuscitate the claim against Bass. He thought that was worth a shot to try, because he didn't understand that he had a claim against Morgan as well. But that problem. That's the problem. That is the problem. That you could say about any pro se. You know, we went back to the original series of questions here about pro se and how we had to cabin this narrowly. Well, any pro se person, pro se criminal, pro se other person, say, well, I didn't understand. We generally say that a pro se litigant waives any issue they don't raise in the informal brief. And there's no exception for, I didn't know I had that claim. No, that's right. I think the reason, again, here is because this Court's error in the docketing statement contributed to the mistake. And to be sure, he then was not consistent in how he responded to that, because he was just misunderstanding the Bass-Morgan distinction, right? But that nonetheless contributed to his mistake. I submit that if this Court had not made that initial mistake, this would have looked very different from the beginning. This procedural morass never would have been created, and he could have pressed his claim against Morgan from the beginning. So I don't think he should be penalized for this confusion that initially arose out of this Court's own mistake. I think a pro se litigant should be entitled to at least have the benefit of doubt when it looks like this Court's mistake may have been what contributed to his error. Just so I'm clear, the mistake is the clarification order. That's correct. That's what you're aware of. That's correct, yes. I see my red lights on. Well, was the mistake our original opinion? I think the mistake was in the docketing order. That was the fundamental mistake that then made Morgan not be listed as an affilee, which the opposing side exploited when they filed their clarification motion and said, look, he's not even listed as an affilee, which then made my client think, my gosh, I don't have a right to appeal with respect to Morgan. And by the way, Bass did not file any such motion trying to exploit that mistake. So that's another reason why he may not have been aware of Bass, even though Bass and Morgan were similarly situated in the caption, the only person who filed a clarification motion was Morgan. So my client then was, again, because of the mistake in the caption, because of this Court's mistake, my client was deceived into thinking he did not have a right to appeal. And that's how I would distinguish Bass and Morgan primarily. Go ahead. Go ahead. Yeah, but just let me follow up. I mean, you keep saying he was deceived, and there's just not anything other than your argument to say that. We should liberally, you know, take a look at pro se litigants. But it seems to me like you're asking us not just to liberally construe what he says, but to ignore what he says. Well, I'm asking you not to ignore it, but to understand that what he said, the waiver, was based on a legal mistake that was invited in part by this Court's error. And so I think in this rare circumstance where it looks like a pro se litigant has done something, has waived a claim that this Court has already held, is a valid constitutional claim. And that waiver looks like it plausibly could have been and likely was invited by this Court's error that was exploited by the other side. Under those narrow circumstances, I think this Court should excuse the waiver in the same way that it excused the forfeiture of its claim against McIntyre. Can I – I know we're all sort of proceeding on the assumption that the clarification order was an error. But why is that – why is the clarification order wrong? Why was Morgan part of this appeal, given that the informal brief never mentions him? Is it just – is it because, in your view, because he appealed the final judgment, end of question? That's right. So he appealed the final judgment. See, but that's not really how we've talked about it. And maybe the answer is it's sort of a one-way ratchet. But we've always said, look, we don't do this technically informally. We try to figure out by reading the informal brief, what was the intent? What did this person intend to appeal? And if you read the informal brief, they're really – it looks as though he's – I mean, it's raising – it barely raises the Eighth Amendment issue at all, right? It's mostly about something entirely different. And even as to this, it never mentions Morgan. With respect, Your Honor, I think the question of – the jurisdictional question of the appeal is based on what the notice of appeal looks like. If the notice of appeal – Well, but that doesn't work the other way around, right? Had he – Correct. Right? So it's a one-way ratchet, you're saying. If you identify the final judgment in your notice of appeal, there's no need to look to the informal brief. Then it's clear you've appealed the final judgment, which is merged with all the previous – So we don't apply the normal functional approach. I wouldn't say the normal functional approach. I would say the functional approach in cases like Jackson v. Spicey, that comes up when it's unclear what the notice of appeal said. Then you can look to outside extrinsic evidence. But when the notice of appeal clearly designates the final judgment, that clearly brings up all of the interlocutory orders that are merged into that final judgment. Okay. So that's the situation here. Okay. But that's from a jurisdictional standpoint. We still look at the informal brief and the issues raised from what arguments are being pursued and what arguments are being waived. Absolutely correct. And is it fair for us to look – it just seems to me that the declaration is consistent with the informal brief. So we've got really two documents. We've got an informal brief that doesn't really talk much about Morgan in the way you're now claiming. And then we've got a declaration that reiterates that. So we really have two things. You have two things. So, again, this Court has discretion to excuse a waiver or forfeiture. It clearly chose to excuse the forfeiture with respect to McIntyre, who was not also mentioned in the informal brief. So the clarification response is the only thing that distinguishes McIntyre and Morgan. And as I've said, I think the way to get around that is to say, actually he was making an unknowing, unintelligent waiver based on an error that had been invited by this Court. So I think this Court clearly has discretion to undo that error and to allow my client's valid constitutional claim to proceed. If there are no further questions, I reserve the remainder of my time. Well, the other person that he talks about in this informal, he seemed to understand that he didn't forfeit anything with respect to him. This terrible effect that our mistake, and I am prepared to say it's our mistake, had didn't seem to affect him except under your theory with respect to him, not with respect to anybody else. Well, that's right. That's because Morgan was the only one who had filed this clarification motion. And so my client looked at that, the clarification motion. Yeah, but he goes on and discusses other defendants. That's right. He did not focus on this fact with respect to any of them because none of them were NCPR defendants. No, he does. He talks, as for Bass, his position is different, blah, blah, blah. That's right. He's talking about him with respect to the merits, which of course Bass is different than Morgan on the merits. But he was not focused on the jurisdictional issue with Bass because Bass did not file a clarification motion raising this issue. Okay. If there are no further questions, I reserve the remainder of my time. Thank you. Thank you. Good morning. Good morning. I'm Elizabeth McCulloch from Young, Moore, and Henderson. Can you just talk a little louder? I'm Elizabeth McCulloch from Young, Moore, and Henderson, and I represent Mr. Morgan. Corinne Lucic represents Apley's Hartle Road, Edwards, Schuch, McIntyre, and Johnson, and Martha Thompson represents Apley Bass. On behalf of Morgan and Bass, I will be addressing the jurisdictional and the waiver arguments and Ms. Lucic will be addressing any questions you have about the 12B and C motions. And as I believe you've already pointed out, it is the contention of Morgan and Bass that the plaintiff's intent on appeal was clear. As in the case of Jackson v. Lacey, this court looks at the totality of documents filed on appeal to determine the plaintiff's intent. And as this court has pointed out, there are numerous documents that point to the fact that the plaintiff clearly, in his own words, did not intend to appeal the dismissal of Morgan. Well, in the notice of appeal, did he appeal the dismissal of Morgan and the judgment entered against Bass? In the notice of appeal, he references judgment and dismissal with prejudice. There was a judgment entered on March 30. The dismissal with prejudice, though, was the dismissal as to the remaining defendants. The dismissal referenced in his notice of appeal was not the dismissal that dismissed either Morgan and Bass. He doesn't say final judgment? He says final judgment. Okay, and when was the final judgment issued? On March 30, the same day. And who was the final judgment against? All of the defendants, right? Yes, Your Honor. So that's what he's appealing. He's appealing the final judgment, and then we look to see his intent on appeal specifically as to which orders, as the court did in Jackson v. Lacey. That's what the court said in Jackson v. Lacey. So you maintain that he didn't appeal? What do you maintain with respect to Morgan? We maintain that he did not appeal as to Morgan and Bass. When we look at the totality of documents on appeal... Okay, what if we assume for purposes now that the dismissal with his appeal of the final order was a dismissal against all defendants? Do you lose? No. Okay. Because assuming that this court had jurisdiction over the dismissal of Morgan and Bass, we look to the remaining documents on appeal to see what arguments he put forward and what arguments he waived. The only arguments that he put... And you're assuming waiver, not forfeiture. Is that right? Waiver or forfeiture. No, no, no. They're different doctrines. Pay your money and take your choice. So I would argue that he forfeited those arguments. Okay. He did not, in his informal brief, he explicitly stated the four issues on appeal that he was appealing. All of those issues had to do with evidentiary issues or failure to arbitrate issues. All of those issues only had to do with the remaining defendants. None of those issues, or the basis for Morgan or Bass's dismissal, none of those issues were raised. There was no issue as to deliberate indifference raised. Okay, and then what did this court do? This court went beyond its confines, and contrary to case law this court has put forth, and determined that the complaint did in fact state a claim as to Morgan. This court did not address Bass at all, and only addressed the remaining defendants. And so our contention is this court went beyond its authority in making that determination, and that was the initial mistake. However, plaintiff's contention that that mistake somehow caused plaintiff not to understand what he was doing when he filed the declaration is misfounded. The fact of the matter is that plaintiff had the benefit of this court's January 3rd order. Even if that order was mistaken to conclude that a claim was stated against Morgan, the plaintiff had the benefit of that order when he filed the declaration. So he knew that this court had held, rightly or wrongly, that his complaint stated a claim. And in spite of having that order and that statement, he then filed a declaration expressing his clear intent on appeal. And that declaration was, as you pointed out, in his own words, an unequivocal as to Morgan. He stated he did not appeal as to defendant Morgan. He could not say Morgan intentionally violated his constitutional rights. He did not intend to hold Morgan responsible. And in fact, he asked the court to remove Morgan from the claim, and said twice in his declaration that any claims against Morgan were moved, and he asked the court to remove defendant Morgan from the document. Can you tell me why you didn't put that document in the joint appendix? Yes. That document was part of this court's first appeal, and we knew the court could take judicial notice of it. Well, we usually like to have everything in the joint appendix. Well, I apologize. We thought you could take judicial notice of that. And we like to not, when we can, avoid judicial notice. We like to just work on what's in the case, right? Understood, Your Honor. But the fact of the matter is that declaration is key in showing that the plaintiff did not intend to appeal as to Morgan. And when we look at the documents again in their totality on appeal, the same is true as to Bass. In his informal brief, the plaintiff only mentioned Bass in connection with his own motion for summary judgment. Bass had already been dismissed. There was no evidentiary issue as to Bass. So even though Bass's name is actually mentioned in the informal brief, there's no substantive issue mentioned in the informal brief. Plaintiff contended to this court that the deliberate indifference claim was pressed in the informal brief, but nothing could be further from the truth. In fact, the deliberate indifference, that phrase and the statement related to deliberate indifference is only contained in the informal brief in the procedural history section and only in a section where the plaintiff was recounting all of the claims that he initially put forward in his complaint, one of which was deliberate indifference. But nowhere in the informal brief does he press his complaints of deliberate indifference. Nowhere in the informal brief does he reference the dismissal orders asked of Morgan and Bass. And nowhere in the informal brief does he raise the issues that form the basis of the court's dismissal of Morgan and Bass. Can I ask you a question? So your colleague says, but we obviously excused, assuming for a minute that there was a waiver in the informal brief, that we obviously exercise what is in fact our authority to excuse that waiver, at least as to Morgan, perhaps not as to Bass. But can you respond at least with respect to Morgan? Why haven't we already excused that waiver? To be honest, Your Honor, when we received the first order, we were surprised that the court extended itself to Morgan. As I mentioned. Correct. Surprise. We excused the waiver. So why isn't that issue now behind us? Because Morgan moved for clarification. Having not had an opportunity to participate on the appeal, or no notice, as plaintiff pointed out, Morgan and Bass both were listed just as defendants. It wasn't until we received the court's first order that we knew that there was even an issue as to Morgan and Bass' dismissal. There was nothing in any informal brief that would have clued us in. There was an issue on appeal as to Morgan and Bass. And so when we received the first order, we immediately moved for clarification, having not had an opportunity to participate in the appeal. And as you saw, that was the basis. The informal brief, no other documents indicating that there was any intent to appeal as to Morgan. We filed the motion for clarification. And the plaintiff received that motion for clarification and did nothing further to appeal any issue. The plaintiff pointed out, well, Bass didn't file a motion for clarification. And he's right. Bass didn't. There was no reason for Bass to file a motion for clarification because this court's first order didn't address any issue as to Bass. So in Bass' perspective of the first order was the court did nothing to change the Bass' dismissal. Well, but in our first order, we reversed and sent it back. And if you take, I know you don't, but I don't really understand why you don't, that there was the final order of the district court, the final judgment, his appeal, the appeal of that, appealed it as to all four people. I don't know why you don't believe that, but you don't, right? So if you get that and then you get the Fourth Circuit's opinion, reversing. You don't have, you don't, there's language in there, but you don't say the Fourth Circuit says we reverse as to one, two, and three, but not three and four, does it? So the first order specified that the remand was asked to Morgan and McIntyre. And so the district court, when the district court received the mandate, the district court was bound by this court's rulings on appeal. And so the district court had no choice but to only allow the case to proceed as to McIntyre once the district court received the order for clarification. Isn't that a little bit of a stretch? I mean, I think it's a fair reading that, you know, you point, that they point out the claim, you know, they mention Morgan, they mention McIntyre, but I think it, I'll have to pull it out, but I think the board, the opinion says reverse and remand. It doesn't say reverse and remand specifically to Morgan and McIntyre. That may be the reading of it because they're mentioned, but you make it sound like that language was in the opinion. I don't think that's correct. They discuss them, but they don't distinguish who they are reversing with respect to. The judge is quite right. For the foregoing reasons, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. And then at the end, vacated and remanded. Clearly, the district court interpreted that order to only No, no, no, no, no, that's not what I asked you, though. I asked you the force of this order. Okay, the force of this order is remanding with respect to all the defendants. Prior to the order for clarification. Yes, even though, and again, an error on our part, even though they are characterized in our docketing order as, or the unpublished opinion, Morgan and Bassard just characterize as defendants, not defendants, not police. Right, and so I think when the first order was received, because Morgan and Bass's impression was they were not subject to appeal by the sports characterization, that's why Bass doesn't move for clarification. And that's why Morgan did move for clarification, because Morgan was specifically mentioned in the sports first order. It may have been unclear, but it was assumed because Okay, so what you're relying on is the discussion in the order, neither the caption nor what the dismissal, the vacation and remand, what the mandate is. You're not, you would recognize that neither one of those help you in this argument. Yes, the caption does help. No, you just told me that he thought, well, anyway. The caption references You told me that Bass knew that he was in because of the opinion, but Bass, in fact, in the order is in the same position as Morgan. Exactly. So you're not relying on it. That was where you'd have to rely on it with respect to both of them. I am relying on it with respect to both of them, and I apologize if there was a misunderstanding. Both Morgan and Bass are named in the caption as defendants. Correct. Both of them did not believe they were subject to appeal until the court's first order specifically mentioned Morgan. So did Bass file a motion for reconsideration? No. That's why your argument is inconsistent. But isn't your argument, as I understand it, is Bass didn't file a motion for reconsideration or clarification because he didn't think he lost the appeal. Exactly. He's like, I'm fine. That's exactly why he didn't file a motion for clarification. Let me ask you this. Does it matter? Does this particular point matter that much? Because it does seem to me that whether or not the district court actually, whether all of these claims were now properly, assuming for a minute, this case was vacated, the district court's judgment was vacated as to all of the defendants, including Morgan and Bass. At least on your theory of the case, I mean we do say remanding for a proceeding is consistent with this opinion. The district court could have said in the alternative, okay, they're all back in front of me, and now I'm going to reissue my exact same opinion as to Johnson and Bass, and that would have been entirely consistent with our opinion in the case, and we'd be right back where we are, just with a slight kind of procedural twist in how it happened. I can see that happening, but when we look at the holding in Omni that a plaintiff is entitled to a single appeal, when the final judgment was entered the first time, that's when the plaintiff had the authority to appeal as to any orders at that point. And so his waiver or forfeiture of arguments as to Morgan and Bass precluded him from proceeding on appeal. Those issues were decided by this court in the first appeal. And so he can't now come back, having tried his underlying case, and appeal the issues that were subject to appeal the first time. And Omni stands for that exact proposition, that a plaintiff's only entitled to a single appeal and cannot continue to appeal an issue once this court has decided. He appealed the final judgment. He did. And the final judgment was against all these people. It was. Okay. But on that appeal, he put forth no issue as to Morgan and Bass, and then he filed a declaration indicating his intent not to appeal as to Morgan, and the same rationale as to Morgan's dismissal applies to Bass. So while he didn't specifically state he didn't intend to appeal as to Bass, the basis of their dismissal was the same. So he had his opportunity to bring those issues on appeal before this court, and he chose not to. Instead, in his 35-page informal brief, he specifically delineated the defendants, the March 30th order, and the issues that he believed ought to be appealed. None of those issues pertain to Morgan and Bass. And all of the filings that he made after filing the notice of appeal support that. So he had his opportunity to appeal after the initial final judgment, and he did not. On remand, the issues on remand were those issues that had not already been decided on appeal or could have been decided on appeal. The issues as to Morgan were decided. Let me put it to you this way. If we assume, as I think we are required to do by the law, that he, when he appealed the final order, he appealed with respect to all of these folks, I know for some reason you don't believe that, but that's what it does when you appeal a final order, okay? Yes, ma'am. Are we there assuming that? Yes. Okay. Then your argument is that he had to, that the fact that we didn't discuss and we didn't caption the court, the case correctly, because on our assumption he's appealing with respect to all of them, so they all are appellee defendants, that that doesn't matter. You maintain that we made no mistake. But if, in fact, appealing the final judgment, appeals the judgment with respect to all of the defendants, then our caption was incorrect, was it not? It was, under those facts. And it wouldn't change the analysis. Because? Because we look at the informal brief. We look to see what orders and issues were appealed in the informal brief. And there were no issues appealed in the informal brief that pertained to Morgan and Bass. To the extent that there may have been any question about that, after the benefit of this court's January 3rd order, the plaintiff then responded to Morgan's motion for clarification by indicating he did not intend to appeal and then asked for Morgan to be removed from the docket. Just as in Jackson v. Lacey, when this court looks at the fairest inference of the plaintiff's intent on appeal, it's clear he did not intend to appeal as to Morgan and Bass. Are any of these cases that you cite to us as precedent, prisoner cases, relying on pro se? Jackson v. Lacey is a pro se prisoner case. He was pro se up until the time of the court argument. Into what court's argument? I think I was on the panel. And I didn't think that it was. Maybe it was pro se. He was district court. Is that what you're saying? Yes, Your Honor. But the difference in that case, right, because I also thought a lot about Jackson because I was on that panel, too. There he did not appeal the final judgment. And so what your colleague is saying is it's sort of a one-way thing. Like if it's a pro se petitioner and they neglect to say, oh, it's the final judgment I'm appealing, then we will do a really sort of generous and functional analysis to see whether, nevertheless, he may have intended to appeal the final judgment, but that we don't do it in reverse. If he checks the right box, we're not going to go back and try to figure out whether maybe he didn't really mean to do that. So why isn't that a fair reading of Jackson? Because even if you follow that analysis, he forfeited those arguments on appeal by not raising them. So even if there is jurisdiction and there's still a waiver problem. That is correct. But I still can't get past the part about we appear to have excused that in our first decision in this case, given that we did reach, we did say that he stated a claim against Morgan. Can we go back now? Okay. And so you think, but now we go back and sort of unexcuse it given the declaration. That's right. Because Morgan did not believe he was on appeal, nor did Bask. And Morgan filed a motion for clarification. The plaintiff's response to that made clear what his intent was on appeal. I agree that, but for the declaration, we might be having a different discussion. But there's no question that the declaration made his intent on appeal. Just as if at any point in time prior to the court ruling, or even after the court ruling, he could take a dismissal of any party in the case. And that's essentially what he was arguing, that he never intended to appeal as to Morgan. And he wanted Morgan to be dismissed from the case. And because the rationale in which Morgan was initially brought into the case based on the allegations of the complaint, the application to Bask is the same. They were dismissed based on the same basis and the same rational argument. And that argument was not addressed in the informal brief. Okay. I see I'm out of time. Unless you have other questions. Yes, you're well out of time. Any questions? No, thank you. No. Thanks very much. May it please the court. My name is Corinne Lucic. I'm speaking on behalf of Defendants Morgan, Bask, and Johnson with regard to their 12B and 12C arguments and whether the district court appropriately dismissed them. Plaintiff has alleged that all three of these defendants were deliberately indifferent to a serious medical need. The district court appropriately dismissed John Morgan under his 12B motion. Because when you look at the face of the complaint, it merely states a medical malpractice negligence claim against John Morgan. Likewise, the district court appropriately dismissed Johnson and Bask on their 12C motions. Because when you look at the face of the complaint, in addition to the pleadings that the plaintiff attached to his own motion on the pleadings, those documents show that there's actually no plausible claim of deliberate indifference against Bask and Johnson. On Morgan, though, I mean, we already held in our first ruling in this case, right, and we have not covered ourselves in glory here, but we do have a first ruling that says he did state a claim as to Morgan. Are we now free to go back and say that was incorrect? Well, I think that you have to consider that that first order was without the benefit of John Morgan's counsel briefing the court on whether or not there was a claim. But that's a different issue, whether he briefed it and preserved it. The issue I think you're arguing is whether he appropriately pled it in the first place. And why are we talking about the Morgan pleading at this stage? I understand that might be potentially an issue with respect to Bask and Johnson, but why are we talking about the pleading in Morgan when this court's already ruled on that? Whether you agree or not, they've argued. The reason that we're addressing it is in case this court determined it had not appropriately ruled on that in the first order. I'm sorry, I can't hear you. What did you say? Sorry. The reason that we're addressing it now is in case this court determines that it did not appropriately address whether or not John Morgan, a claim had been stated against Morgan in the first order. But if we think we didn't appropriately address it in the first place, I assume that would be because we either think there was no jurisdiction or it was waived, in which case why do we care now? I'm sorry, I'm just not understanding the posture in which we might be revisiting that determination. Understood. I think that it's because he did waive that Morgan's counsel did not think and did not think that he needed to brief this court on that issue, did not brief the court on this issue, and therefore this court should now actually look at whether or not the district court appropriately dismissed under 12B with the benefit of Morgan's briefing at this stage. Okay. So what if we rejected that argument and proceeded under our prior ruling that there was a cause of action against him? What would we do then? Decide it? In other words, decide it as an ordinary appeal or send it back to the district court or what? Well, I think at this point we do have an opportunity to look and see whether or not Morgan did have a claim stated against him in the initial complaint. And we've already held he did, or we think we've held he did. Maybe I'm not trying to tell you how to argue your appeal, but you might want to focus more on Bass and Johnson, whether they've appropriately pleaded. I'm not sure. I want to know on the panel. I'm not sure I have the power to vote contrary to a prior panel. So that might be a… Right. Since the prior panel was so mixed up, you'd be worried. I'll turn to Bass and Johnson and talk about them. The district court appropriately dismissed them because when you look at the face of the complaint and the papers that the plaintiff submitted and his own pleadings, you can see that his allegations against Bass and Johnson do not state a plausible claim. And in particular, if you focus on an incident report that the plaintiff attached to his own pleadings, that's in Joint Appendix 304 and 308, it includes these allegedly false witness statements that Bass and Johnson wrote. But these witness statements were provided or were written after the plaintiff received medical care at an outside medical facility. His complaint alleges that they were deliberately indifferent in writing these witness statements because they led to the outside medical facility providing inadequate care. That can't possibly have occurred because the witness statements were actually written after the outside medical facility provided the care. So then when you look at the face of the complaint, in addition to the pleadings that were attached, you can see that there's not a plausible claim against Bass and Johnson. Were Johnson and Bass, they weren't part of the E-unit, were they? I'm sorry, I didn't hear that. The E-unit that the plaintiff alleged had knowledge of his medical condition, were they part? I don't think they were. They seemed like they came separate, but I couldn't tell that from the record. Do you know? And I could not tell that from the complaint and pleadings either. It's only alleged that they were nurses that arrived at the scene. Okay. I can see that I've run out of time, so I'll just wrap up and say that we would ask this court to dismiss the plaintiff's appeal and to affirm the district court's decision not to reinstate Bass and Johnson or Morgan following the order for clarification. Thank you. Thank you. Thank you, Your Honor. Just a few quick points in rebuttal. So to start, I think the important thing to emphasize is the issue of notice to Morgan. So the opposing counsel argued that Morgan did not have notice of the claims against him because they weren't briefed, and Morgan had been erroneously excluded from the caption, so it wouldn't be fair to revive the claims against him since he didn't have a chance to brief in the first appeal. I think the same exact thing was true with respect to McIntyre, at least functionally, because none of the briefs had mentioned these claims against McIntyre at this court. Nonetheless, you chose to excuse the forfeiture. And more importantly, this appeal now has provided a full and fair opportunity for briefing on the merits of that issue. So I do think it was appropriate for my friend to raise the issue of the merits since Morgan never had a chance to brief it last time. Was McIntyre also not captioned as an appellant? I'm sorry. McIntyre was captioned as an appellant. So at least got notice. But there was nothing in the brief that gave notice that there was any issue raised. But at least, I mean, it does help if someone tells you, oh, by the way, you're in an appeal. You're in an appeal, but then there was no issue raised. So there was no more reason and no more real fair opportunity for McIntyre to brief than there was for Morgan because no argument had been raised on this hypothesis with respect to McIntyre. So this court chose to excuse it, I think quite rightly, because when you have a pro se litigant with a valid constitutional claim, I think that importance of vindicating that constitutional interest outweighs the notice interest on the other side. I think that's particularly true with respect to Morgan because now in this appeal, of course, the issue is fully briefed. And so this court can now decide, even if you wanted to second guess your decision on Morgan's first appeal, I think this issue is now fully teed up. I think this court was quite correct. If you look at the complaint in the attachments there too, there was a valid claim stated with respect to Morgan. So the only question this court has to confront really is should that valid constitutional claim be buried based on mistaken procedural errors, or should that claim be allowed to be vindicated and moved forward? And I think in considering that question, it's important to note that the other side has really said very little, if anything, about prejudice that would result to Morgan. I mean, this is not as if he's going to be deprived of some opportunity. It's not as if there are any witnesses who have died or passed away. So I think allowing this claim to proceed now would not in any material way prejudice Morgan. I do appreciate that it's been two years, and that may be a slight interest in repose that John Morgan would be able to assert. But I think that's just dramatically outweighed by the interest in allowing a valid constitutional claim that was buried due to this court's and the district court's error. So I think the equities come out strongly in favor of allowing that claim to proceed. If you could please talk about the substantive issue of the dismissal as it relates to Bass and Johnson. How is that adequately pled as a deliberate indifference claim? Yes, Your Honor. Well, I think you just have to draw the reasonable inferences from the complaint in favor of Brose Plinth in particular. And the allegation is that when they arrived on the scene, they knew that he was unconscious, that he had fallen, that he had had a seizure, and that he was in no condition to lunge out of his chair to try to attack them. But nonetheless, they falsely said that he did, which misrepresented his physical condition. They were the first medical responders on the scene, so they knew that by falsely representing his medical condition, that that was going to have an impact on how he was going to be treated. Because if the first medical responders on the scene say, he's in good enough shape to be attacking me and lunging out of his chair, then the hospital and people who hear from them what his condition is are not going to treat his broken spine in the way they should. Can I tell you my concern? Because I really want to see if you can address this. So what he says in the complaint is that Johnson and Bass covered up the seizure disorder. They pretended that this had been a voluntary lunge when really it was a manifestation of his seizure.  They intentionally left out the seizure. But then when he gets to the doctor, his complaint is, the doctor only treated my seizure disorder. He wouldn't look at my bad back. So I am missing the causal link here. The causal link, I mean, liberally construed. He's saying they misrepresented. I am construing it liberally because I'm at least, I mean, I'm looking at this informal brief, which really says very little of anything. And I'm giving you the best, like most aggressive reading of it I can, which is they lied about me not having a seizure disorder. I think the argument is that they lied about his condition. And so they lied about how his physical ability to lunge out of the chair and attack them misled people into thinking that he did not have the serious spinal injury that he in fact had. I can totally, and I want to say I know you're appointed counsel, and we, of course, really appreciate what you're doing here. And you have been handed a case way late in the game. But I am looking at the complaint, and I cannot find that anywhere in the complaint. I'm finding something very different. Well, it's not expressed. It's an inference from the complaint. I don't think it, okay. Here's, if I may explain, he's had a seizure. He's lying at the bottom of the stairs. They put him in a wheelchair. He's unconscious. And he's having involuntary spasms. And what they say instead of actually reporting what's going on, they say he aggressively lunged out of his chair and attacked us. That creates the false impression that he's, you know, not having a broken spine, that he's able to lunge out of his chair. And that impacts the kind of treatment he gets. Instead of looking at whether he's got a broken spine, the medical responders have heard, oh, he's lunging out of his chair and attacking people. His spine must not be broken. So the only point is because they intentionally lied about his physical condition in the wake of his accident, that distorts the type of treatment he gets. They knew there was a risk that their lies about his condition would cause that deficiency in treatment. And I think that states a valid deliberate indifference claim. For this reason, all the claims should be reinstated as discussed in our brief. Thank you, Your Honor, very much. Thank you very much. And as my colleague mentioned, you are court appointed, and we very much appreciate your service. You did a fine job for your client, and we could not do these cases without the lawyers like you. Thank you, Your Honor. We will come down and greet the lawyers and then go directly to the next case. Thank you. You can stand up.
judges: Diana Gribbon Motz, Pamela A. Harris, A. Marvin Quattlebaum Jr.